Patrick M. Flatley
United States Bankruptcy Judge
Dated: Thursday, April 28, 2011 3:28:03 PM

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| GEORGE VAN WAGNER, | ) | Case No. 08-435 |
| | ) | |
| Debtor. | ) | Chapter 7 |
| _____ | ) | |
| | ) | |
| WELLS FARGO HOME MORTGAGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. 11-3 |
| | ) | |
| GEORGE VAN WAGNER, VAC, LLC, | ) | |
| CINTIUX, LLC, JOHN W. SMALL, in his | ) | |
| official capacity as Clerk of the Berkeley | ) | |
| County Commission, and THE WEST | ) | |
| VIRGINIA STATE TAX DEPARTMENT, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## MEMORANDUM OPINION

Wells Fargo Home Mortgage filed this adversary complaint to set aside a tax sale of real property commonly known as 2887 Middleway Pike, Bunker Hill, West Virginia on the grounds that the Clerk of the County Commission of Berkeley County conducted the tax sale in violation of the automatic stay of the Bankruptcy Code. Wells Fargo also seeks to obtain a declaration that debts owed to it by George Van Wagner (the "Debtor") are excepted from the Debtor's discharge under 11 U.S.C. § 523(a)(2)(A).

The Debtor and Cintiux, LLC (the tax sale purchaser) filed separate motions to dismiss the

1

adversary complaint filed by Wells Fargo.[1]  Cintiux states that 2887 Middleway Pike was not part of the Debtor's bankruptcy estate, and even if it was, the Debtor's Chapter 7 trustee abandoned the property well before the tax sale occurred; thus, no automatic stay existed for the Clerk of the County Commission to violate.  The Debtor argues that Wells Fargo has failed to state a claim under § 523(a)(2)(A) because his discharge was entered about six months before Wells Fargo filed its complaint against him.

According to Wells Fargo's complaint, the Debtor had an ownership interest in 2887 Middleway Pike, which the Debtor used to secure a monetary obligation to Wells Fargo's predecessors in interest pursuant to a January 1, 2006 deed of trust.[2]  Under the terms of the deed of trust, the Debtor is forbidden from transferring any interest in the property without the approval of the lender.

Notwithstanding the prohibition on unapproved transfers, on June 11, 2007, the Debtor transferred 2887 Middleway Pike to David A. Pill, as the purported trustee.  Neither the lender nor its trustee were apprised of, or consented to, the transfer.  Shortly thereafter, Mr. Pill transferred 2887 Middleway Pike to VAC, LLC.  At the time, the Debtor was one of two members of VAC, LLC.

When the Debtor filed his March 28, 2008 bankruptcy petition, he listed 2887 Middleway Pike as real property owned by him despite the fact that it had earlier been conveyed by him to Mr. Pill, who had conveyed it to VAC, LLC.  No party made any payments on the note secured by the property, or paid taxes owed to Berkeley County, West Virginia.  Consequently, the Clerk of the

---

[1] In adjudicating a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a court must accept as true all of the factual allegations in the complaint as well as the reasonable inferences that can be drawn from them, and a court may dismiss the complaint "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

[2] Wells Fargo does not designate in its complaint how, or when, it came to hold the note secured by the deed of trust on 2887 Middleway Pike.  The lender under the deed of trust is Decision One Mortgage Company, LLC.  The proof of claim in the Debtor's case was filed by America's Servicing Company as servicer for Deustche Bank National Trust Company, as Trustee for Morgan Stanley ABS Capital I Inc., Trust 2006-HE3.  For the purposes of adjudicating the motions to dismiss filed by the Debtor and Cintiux, the court will assume, without deciding, that Wells Fargo is the successor in interest to the above parties and holds the note secured by the deed of trust.

Berkeley County Commission conducted a tax sale of 2887 Middleway Pike on November 18, 2008, where Cintiux purchased the tax lien for $4,059.97.

In the Debtor's bankruptcy case, the Debtor's Chapter 7 trustee filed his February 8, 2010 "Notice of Trustee's Intent to Abandon Property," listing the property at 2887 Middleway Pike, and detailing the liens against the property as being owed to America Servicing Company ($389,653,75) and HSBC ($79,000). (Document No. 691). No party timely objected to the Trustee's Notice of Intent to Abandon Property, and the court entered an order on March 5, 2010, approving the abandonment of 2887 Middleway Pike *nunc pro tunc* to the date of the filing of the Debtor's bankruptcy case – March 28, 2008. (Document No. 704). Under state law tax sale procedures, Cintiux received the deed to 2887 Middleway Pike on April 6, 2010, after alleging that no party acted to timely redeem the tax lien.

Meanwhile, American Servicing Company filed a motion for relief from the automatic stay in the Debtor's bankruptcy case on December 29, 2009. (Document No. 669). At a hearing on the stay relief motion on February 8, 2010, the Debtor's Chapter 7 trustee indicated that he would be abandoning the property, and the court informed counsel to American Servicing Company that its stay relief motion would become moot after the Trustee had abandoned the property. On May 13, 2010, after entry of the order approving the Trustee's notice of abandonment *nunc pro tunc* to the petition date, the court entered an order granting American Servicing Company stay relief. (Document No. 766).

The Debtor received his Chapter 7 discharge on June 25, 2010.

When property is abandoned by a Chapter 7 trustee, the automatic stay that protects property of the estate terminates. 11 U.S.C. § 362(c)(1). Because 2887 Middleway Pike was abandoned as property of the bankruptcy estate by the Debtor's Chapter 7 trustee,[3] as reflected by a court order entered on March 5, 2010, and because this abandonment of property of the estate was effective as of March 28, 2008, which was about 8 months before the scheduled tax sale, any alleged violation of the automatic stay by the Clerk of the Berkeley County Commission in selling the tax lien on the

---

[3] The court makes no finding in this Memorandum Opinion regarding whether 2887 Middleway Pike was property of the Debtor's bankruptcy estate. To the extent that it might have been property of the bankruptcy estate, it was expressly abandoned by the Chapter 7 trustee.

property is inconsequential because the court has deemed the property to be abandoned before the tax lien sale occurred. *See, e.g.*, *Schwartz v. United States (In re Schwartz)*, 954 F.2d 569, 573 (9th Cir. 1992) ("If a creditor obtains retroactive relief under section 362(d), there is no violation of the automatic stay . . . ."); *Sweeney v. Great W. Bank*, No. 94-55421, 1994 U.S. App. LEXIS 33016 at *3 (9th Cir. Nov. 1, 1994) ("[T]he defendants did not violate the automatic stay in his bankruptcy case because on December 30, 1992 the bankruptcy court entered an order, *nunc pro tunc*, annulling the automatic stay. Thus, the defendants' foreclosure sale held on October 20, 1992 was valid because there was no stay in place at the time due to the bankruptcy court's grant of retroactive relief."); *Khozai v. Resolution Trust Corp. for Centrust Mortgage Corp.*, 177 B.R. 524 (E.D. Va. 1995) (affirming an bankruptcy court order granting retroactive stay relief to validate a foreclosure sale that would otherwise have violated the automatic stay).

Counsel for American Servicing Center, the apparent predecessor in interest to Wells Fargo, was served with a copy of the Trustee's Notice of Intent to Abandon, and the proposed order, abandoning the property *nunc pro tunc* to the petition date, but never filed any objection to the abandonment or the terms of the proposed order. The Order of abandonment was entered over a year ago and is final. Consequently, Wells Fargo has failed to state a cause of action to set aside the November 18, 2010 tax sale as a violation of the automatic stay.

Because a cause of action to except a debt from discharge under § 523(a)(2)(A) must be brought within 60 days of the date first set for the Debtor's meeting of creditors, Fed. R. Bankr. P. 4007(c), and because Wells Fargo did not seek an extension of this deadline, its cause of action against the Debtor under 11 U.S.C. § 523(a)(2)(A) is time-barred.

The court will enter a separate order pursuant to Fed. R. Bankr. P. 7058, that dismisses Wells Fargo's complaint.